PEOPLE ex rel. MULLIGAN v. COLLIS.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

APPEAL—RECORD—STRIKING OUT PAPERS.

The trial court has no power to strike from papers on appeal from order granting a peremptory mandamus an affidavit recited as one of the papers on which the motion was decided, but the remedy, if the printed papers were not the papers read before the trial court, was to apply to the appellate court to correct the papers.

Appeal from special term, New York county.

Certiorari by Daniel Mulligan to review the determination of Charles H. T. Collis, commissioner of public works of the city of New York, discharging the relator from the position of inspector of street opening. A peremptory writ of mandamus was granted, and defendant appealed. Afterwards an order was entered striking out from the papers on appeal an affidavit made by defendant, and from said order he appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Terence Farley, for appellant.
John W. Browne, for respondent.

PER CURIAM. We do not think that the court below had any power to grant this order. The order appealed from recited, as one of the papers upon which the motion had been decided, the affidavit of Charles H. T. Collis on behalf of the commissioner of public works of the city of New York,—not a draft affidavit, a copy of which had been served upon the relator; and the general rules of practice require that the appeal should be heard, not upon the papers that had been served, but upon the papers that were before the court when the motion was granted. If the printed papers upon appeal were not the court papers that were recited in the order of the court, the proper remedy of the relator was an application to the appellate court to correct the printed papers that had been filed and served under the provisions of the rule. So long as the order remained in the form in which it was entered, the court below had no right to require the appeal to be heard upon different or other papers than those upon which the motion was decided and the order entered.

The order should therefore be reversed, with $10 costs and disbursements, and the motion below denied, with $10 costs.